MAY TERM, 1881, No. 14.                    MAY 2D, 1881.

## McGettrick's Appeal.

1. An auditor appointed by the Orphans' Court to distribute a fund arising from the sale of the trust estate of a decedent has jurisdiction to inquire into the validity of a deed purporting to convey the proportion of a distributee when the deed is attacked as fraudulent.

2. The Orphans' Court has full power and adequate procedure to dispose of such a controversy.

3. A deed is not a proceeding of any court, but an instrument *inter partes*.

APPEAL of Eleanor J. McGettrick from the decree of the Orphans' Court of *Lancaster County*, confirming the report of an auditor appointed to distribute funds in the hands of a trustee, to sell the real estate of John McGrann, deceased.

John McGrann died intestate September 23d, 1872, unmarried, and without issue. There was a balance of $5067.38 in the hands of a trustee to sell the real estate of the decedent, and the Orphans' Court of Lancaster County appointed an auditor to distribute the fund. Eleanor J. McGettrick was a daughter of a deceased sister of the decedent, and as such entitled to a distributive share in the estate. Her share was claimed before the auditor by Robert Taylor, of Wilmington, Del., under a deed executed by her, dated March 10th, 1876, and duly recorded in Lancaster County, by which her whole interest was conveyed to Taylor. She admitted the execution of the deed, but claimed that it was voidable because of fraud, because she was incapable of executing it on account of intoxication, and through want of consideration. Evidence produced before the auditor proved beyond doubt that she was intoxicated when she signed the deed, and had been so for several months before. The auditor found that " the only persons who can be affected by this deed are the grantor and grantee, and if any fraud has been practiced on the grantor, or if the deed is voidable on account of the want of capacity to contract on the part of the grantor or want of consideration, they must go into the proper court to have it set aside. The auditor is there-

[McGettrick's Appeal.]

fore of opinion that he has no jurisdiction in the matter and awards this share to Robert Taylor."

To this finding Eleanor J. McGettrick excepted, and the Court below, PATTERSON, J., dismissed the exceptions and confirmed the report of the auditor absolutely. The Court also refused an application for an issue to try the validity of the said deed, " she having failed to ask for or have entered on the minutes of the audit that she claimed an issue, and would move the Court to grant one."

These rulings were assigned as error.

*B. F. Eshleman* and *D. G. Eshleman* for the appellant.

The Court had jurisdiction: Whiteside v. Whiteside, 8 Harris, 474; Gochenaur's Estate, 11 Harris, 460; Dundas's Appeal, 23 P. F. Smith, 474; Rice's Appeal, 29 P. F. Smith, 182; Campbell's Appeal, 30 P. F. Smith, 315; Hammett's Appeal, 2 Norris, 394; Otterson v. Gallagher, 7 Norris, 357.

Being fraudulent the deed could be shown to be void in any court in which it is set up as evidence of a claim: Jackson v. Summerville, 1 Harris, 359; Mitchell v. Kintzer, 5 Barr, 216; Rankin v. Porter, 7 Watts, 387; Bixler v. Kunkel, 17 S. & R., 298; Mechling's Appeal, 2 Grant, 157; 1 Story's Eq. Jur., § 238.

*William Aug. Atlee* for appellee.

If this deed was obtained by fraud it may be avoided by bill in equity as in McMurray v. Davis, 5 W. N. C., 305. While there is no case that decides this question there are many that decide that an auditor cannot examine into the validity of a judgment: Dyott's Appeal, 2 W. & S., 557; Leeds v. Bender, 6 W. & S., 315; Thompson's Appeal, 7 P. F. Smith, 175; Borland's Appeal, 16 P. F. Smith, 470; Kendig's Appeal, 1 Norris, 70; Titusville Bank's Appeal, 4 Norris, 528.

The opinion of the Court was delivered by GREEN, J.

In this case the proceeds of the sale, under an order of the Orphans' Court, of the real estate of an intestate, were in the hands of the trustee for distribution. One of the claimants to the fund was a niece of the intestate. Her share of the proceeds was claimed by the appellee, Robert Taylor, by virtue of a deed to him from the appellant for her interest in the lands sold. This deed was attacked as having been obtained fraudulently from the appellant, and as being consequently void. The auditor held that he had no jurisdiction to inquire into the validity of the deed, and for that

reason declined to consider the merits of the controversy and awarded the share of the appellant to her grantee. On exceptions taken to this action of the auditor an application was made to the Orphans' Court for an issue to try the validity of the deed to Taylor; but the Court refused the issue, holding that the appellant was bound by the action of the auditor, and that the latter had decided adversely to her claim. We are of opinion that the auditor was mistaken in supposing he had no jurisdiction to inquire into the validity of the deed, and that the learned judge of the Orphans' Court was in error in dismissing the appellant's exceptions to the report of the auditor. It is, of course, undisputed that the Orphans' Court has exclusive jurisdiction to distribute the estates of decedents among those entitled to them. Such distribution necessarily includes the power and the duty to ascertain the person to whom distribution must be made. When the share of one who is apparently entitled is claimed by another, such claim must be established in the proceeding for distribution, and as it must be there established, so it may be there impugned. There is no occasion to resort to any other court, or to any other proceeding, to determine the validity of the claim, as the Orphans' Court has full power and adequate procedure to dispose of the controversy. If a deed or other instrument is set up as a muniment of title for the interest of a distributee, an attack upon its validity is in no respect an impeachment of it in a collateral proceeding. A deed is not a proceeding, nor the result of one. It is not a judgment of a court, nor a decree of any species of tribunal. It is but an instrument *inter partes*, and has no higher sanction than can be given to it by the act of the parties. As such it must abide the tests of all voluntary contracts. It is, therefore, as liable to impeachment as any other form of contractual relation, and is necessarily subject to be invalidated whenever it is proffered to a tribunal as the basis of a right. These considerations are fundamental, and the authorities which prove that the judgment of a court cannot be impeached collaterally, and is therefore obligatory upon an auditor, have no application.

Decree reversed and record remitted, with directions to the Court below to re-commit the case to the auditor for further proceedings before him, and the cost of this appeal to be paid by the appellee.