## Armstrong et al., Appellants, v. Walker et al.

*Partition—Recusant and disappointed legatees—Equitable allotment.*

Whoever avails himself of a testator's bounty shall not disappoint his will; and whoever disappoints his will shall have nothing under it, at least to the extent of the disappointment; and equity treats the gift to the recusant object of the testator's bounty as a fund or source of a fund for the compensation of disappointed legatees or devisees.

A devisee, being also executor, having wasted the personal estate of his testator to an amount exceeding the value of his interest under the will, and become insolvent may in an action of partition be treated as having thereby received his whole share of the estate.

*Jurisdiction of court of common pleas.*

The court of common pleas has jurisdiction to award partition in such case, where a final account has been settled in the orphans' court, and the executor is insolvent or refuses compliance with the decree of the orphans' court. ·

Argued April 28, 1892. Appeal, No. 404, Jan. T., 1892, by plaintiffs, Belle M. Armstrong et al., legatees and devisees of John W. Walker, deceased, from decree of C. P. Erie Co., Nov. T., 1889, No. 1, for defendants, in partition, against John W. Walker, and the Marine National Bank, vendee of Thomas M. Walker. Before STERRETT, GREEN, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Bill for partition praying for allotment of purparts, subject to the condition that defendants pay indebtedness to estate before acquiring title; or decree of sale, and general relief. The court, GUNNISON, P. J., after reference to a master, and commissioners to divide, allotted purparts to defendants, without conditions. The facts appear by the opinion of the Supreme Court.

See case in orphans' court, Walker's Est., 116 Pa 419.

*Errors assigned* were (6) dismissal of exceptions and decree of partition.

*E. L. Whittelsey, J. W. Wetmore* with him, for appellants.

*T. A. Lamb, F. F. Marshall* with him, for appellee.

OPINION BY MR. JUSTICE HEYDRICK, October 3, 1892.

The facts have not been as fully found by the master as could be desired. From his report, however, supplemented by the undisputed evidence, it appears that John H. Walker, being seized and possessed of considerable real and personal estate, by his will, after directing that his children should live together and occupy his homestead for the period of fifteen years at least, and as much longer as should meet the approval of the majority of them, and that his son Thomas M. should not be held, beyond the fair value of certain city lots sold to him, for the purchase money thereof, disposed of that estate as follows : " In the next place I will and direct that my personal estate after the payment of my debts shall be divided among my heirs share and share alike, and my real estate after the expiration of the time herein named for the occupancy of the homestead by my children." Of this will he appointed his sons John W. and Thomas M. executors, and died January 25, 1875, leaving six children surviving him. At the time of his death Thomas was indebted to him in the sum of $16.000, for the real estate sold to him, secured by mortgage upon the same real estate, and in the farther sum of $10.000, which was unsecured. The executors named in the will qualified as such, and, upon exceptions to their final account, were charged by the orphans' court of Erie county with a balance of $121,413.18, due the estate. The valuation made in the present proceeding shows the real estate to be worth $60,000 ; thus making the total value of the estate $181,413.18, of which the share of

each of the six children would be $30,235.53.    But two of the
sons having, in virtue of their office of executors, received the
personal property into their custody, retain the whole of it,
and have thus gotten very much more than their due propor-
tion of the entire estate ; one of them is shown to be insolvent
and the other not only does not aver readiness or willingness
to distribute the personal estate in accordance with the will,
but without explanation denies his liability for what the or-
phans' court has decreed against him.

It is a maxim of the law that whoever will avail himself of
a testator's bounty shall not disappoint his will.    The converse
proposition, that whoever disappoints the will of a testator shall
have nothing under it, is equally true, at least to the extent of
the disappointment.    In such cases equity treats the gift to
the recusant object of the testator's intended bounty as a fund
or source of a fund for the compensation of disappointed lega-
tees or devisees.    The most familiar instance of the application
of the principle is where a widow has elected not to take under
the will of her husband and has taken her share of the personal
estate under the statute and her dower at common law.    There
sequestration of the benefit intended for the refusing wife is
the ordinary means of compensating the disappointed legatees
and devisees : Sandoe's Appeal, 65 Pa. 314; Young's Appeal,
108 Pa. 17; as it is in other cases of disappointment.    But
while it is the ordinary remedy it is not the only one.    It pro-
ceeds upon the theory that there may be a surplus to which
some other than him for whose benefit the remedy is allowed
will be entitled.    But as was said in Lewis v. Lewis, 13 Pa.
82: " Where the disappointed devisee must be a loser in any
event it would be useless to keep the property locked up in the
hands of a sequestrator who must be paid for his services.    The
profits from it would not be equal to the profits of the estate
of which the complainant had been deprived ; and the property
would remain sequestered forever."    Accordingly this court,
in the case cited, adjudged a tract of land devised by a father
to a son forfeited by the successful assertion of a paramount
title to another estate devised to another son, and permitted
the disappointed devisee to recover the former tract from the
refractory devisee in an action of ejectment, upon a special
finding that the estate which the plaintiff had lost exceeded in

value that which he sought to recover. It was confessed in that case that no precedent could be found for the judgment, just as it may be confessed here that no precedent has been found for holding a devisee, who, in virtue of his office of executor, has gotten possession of the personal estate of his testator and made way with it, to be in the same predicament with another who claiming a benefit under a will sets up an adverse title to a different part of the estate given to another by the same will. But the will of the testator is as successfully defeated in the one case as in the other; the only difference being in the manner of accomplishing the result; and surely it would be a shame and a scandal, as was said of a less objectionable proposition, by GIBSON, C. J., in Stump v. Findlay, 2 Rawle, 168, if one who has defeated the will of a testator by a breach of trust so flagrant that the law punishes it as a misdemeanor, should be in a better position than another who has caused the same and none other disappointment by the assertion of a legal right. It cannot be so; and therefore he who, in the wrongful exercise of a legal right, disappoints his co-legatees and co-devisees must be held to the same consequences that would have attended a rightful disappointment by him.

This is not the form in which the plaintiffs ask relief, nor did they proceed upon the theory of a forfeiture by the two devisees, who were executors, of their interests in the real estate, but the case which they make in their bill and sustain by their proofs entitles them upon the principles stated to recover the whole of the land and this, it is manifest, is what they would ultimately and after much circuity obtain if sequestration were resorted to, or if relief were granted in the form demanded. The court could not, if asked, decree that the bank pay the plaintiffs the amount of Thomas M. Walker's devastavit, and it is not to be supposed that either it or John W. Walker would pay four times the value of one sixth of the land as a condition of acquiring title thereto. Why not, then, come directly to the inevitable result by holding that John W. Walker and the Marine National Bank of Erie, which stands in Thomas M. Walker's shoes and can have no greater rights than he had, have no interest in the land, and apportion it among the plaintiffs? This is what ought to have been asked and done in the court below, and may yet, with proper amendments of the prayer, be done.

The objection that the court of common pleas had not jurisdiction because, as alleged, the decree asked would involve a settlement of the estate of John H. Walker, is not well taken. The report of the master shows that the final account of the executors has been settled; and there is no other question of which the orphans' court has exclusive jurisdiction remaining to be determined, unless it should be distribution of the balance of that account. But as already seen one of the executors is insolvent and the other for some reason assumes what may be regarded as an attitude of defiance of the decree of the orphans' court. Under such circumstances and after the lapse of fifteen years after the personal estate ought to have been divided, the executors cannot complain if they be deemed to have appropriated the balance found against them to their own use, and placed it beyond the power of orphans' court to distribute it.

There is some obscurity in respect to the $16,000 of purchase money due from Thomas at the time of his father's death. It does not appear whether it was included in the balance decreed against the executors. It is, however, immaterial whether it was or was not, or whether properly so included. If it were necessary to swell the balance to $121,413.18 and were now stricken out, the result would have to be the same.

The decree is reversed and the record is remitted with instructions to the court below to make partition in accordance with this opinion.

Mr. Justice Mitchell dissents.