## Brandt's Estate.

*Orphans' court — Jurisdiction — Claimants of money owed by decedent—Right to distribute—Sale of real estate—Commissions.*

In proceedings to distribute an estate the orphans' court has jurisdiction to inquire into and determine all questions in the way of distribution to and among persons entitled thereto.

322, (1924).]            Syllabus—Arguments.

Where two creditors claim the same commissions owed by a decedent, the orphans' court has the power to ascertain the persons to whom the distribution must be made.

There is no occasion to resort to any other court, or to any other proceeding, to determine the validity of such claims, as the orphans' court has full power and adequate procedure to dispose of the controversy.

Argued May 7, 1924. Appeal, No. 111, April T., 1924, by M. R. Cooke, from the decree of the Orphans' Court of Allegheny Co., May T., 1923, No. 189, dismissing exceptions to adjudication in the Estate of Philip Brandt, deceased. Before HENDERSON, TREXLER, LINN and GAWTHROP, JJ. Affirmed.

Exceptions to adjudication. Before MILLER, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the exceptions. Exceptant appealed.

*Error assigned* was, among others, the decree of the court.

*Lawrence B. Cook,* for appellant.—The court had no jurisdiction to determine the matter in dispute between the parties: Bigelow et al. v. Elliott et al., 3 Federal Ct. 351; Frazer et al. v. Linton, 183 Pa. 186; Weigley, Exr., v. Coffman, Exr., 144 Pa. 489; Miller's Est., 136 Pa. 349; Brown's App., 89 Pa. 139; Cunningham's Est., 75 Pa. Superior Ct. 190; Mamaux Est., 260 Pa. 517; Grollman's Est., 273 Pa. 559.

*Clarence B. Nixon,* and with him *Robbin B. Wolf,* for appellee.—In distributing an estate the orphans' court has jurisdiction to inquire into and determine all questions in the way of distribution: Brown's App., 89 Pa. 139; Williamson's App., 94 Pa. 231; Brooke's App. 102 Pa. 150; Phillip's Administrator v. R. R. Co., 107 Pa. 465;

Estate of James Marshall, 123 Pa. 356; Gaffney's Est., 146 Pa. 49; Mulholland's Est., 154 Pa. 491; Paxson's Est., 225 Pa. 204; Fitzgerald's Est., 252 Pa. 568; Walkinshaw's Est., 275 Pa. 121.

OPINION BY TREXLER, J., July 2, 1924:

McDonald was a licensed real estate dealer, with offices in Pittsburgh. Cooke, at that time an unlicensed real estate dealer, but engaged in sales of real estate and other transactions, had desk room with McDonald. Cooke performed certain tasks, took care of the office, and looked after business when McDonald was away and there was an understanding between the two that all commissions on sales of real estate secured by Cooke were to be divided equally. Cooke learned that the Brandt farm was for sale and gave the information to McDonald and they together went to see the farm and interviewed the executor as to price, terms, conditions of sale, and commissions. Later on McDonald suggested to Cooke that it would be wise to get an option on the farm from Brandt's executor and Cooke informed him that he had already obtained the option. This act on the part of Cooke severed the friendly relations between the two. Cooke exercised the option, sold the farm and McDonald now claims one-half of the commissions. The orphans' court decided that under the arrangement existing between McDonald and Cooke, one-half of the commissions for the sale of the real estate of the decedent under the option secured by Cooke was due to McDonald and the testimony amply supported this conclusion. As to this, we need not further inquire. The question narrows itself down to whether the orphans' court had jurisdiction to determine what part of the commission belonged to McDonald. The executor admitted the debt, but did not know to whom it was due. Cooke presented his claim for the entire amount. There is no question as to his standing; he is in the proper court to press his claim. Must McDonald stand by and allow Cooke to

have the entire amount and take the chance of getting his part by suit in another forum? The sum claimed being admittedly due and in the hands of the executor, it was the proper function of the orphans' court to decide to whom it belonged. If it belonged to both parties, the orphans' court had the right to decide as to how much each was entitled. It is true that Cooke was the only one whose name appeared in the option but their agreement was what is called by the lower court on "fifty-fifty basis." When Cooke asked that all the commissions should be given to him, McDonald had the right to demand the one-half which was his. If the question had involved a statement of partnership accounts, the case would be different. Here we have two claimants, the one asking for the whole fund, the other for half. The matter is simple and involves no other transaction. The orphans' court had jurisdiction. A number of cases are cited on the subject, but we need only refer to two. In McGettrick's App., 98 Pa. 9, 12, we find: "It is, of course, undisputed that the orphans' court has exclusive jurisdiction to distribute the estates of decedents among those entitled to them. Such distribution necessarily includes the power and the duty to ascertain the persons to whom distribution must be made. When the share of one who is apparently entitled is claimed by another, such claim must be established in the proceeding for distribution, and it must be there established, so it may be there impugned. There is no occasion to resort to any other court, or to any other proceeding, to determine the validity of the claim, as the orphans' court has full power and adequate procedure to dispose of the controversy." In King's Est., 215 Pa. 59, 61, where there were two claimants for one of the distributive shares, the Supreme Court took occasion to say: "The orphans' court would not have had original jurisdiction to decree specific performance of the agreement to reconvey, but it had jurisdiction of the proceeding by which the fund was created and exclusive jurisdiction of all matters relating to the distri-

bution of this fund. The power to distribute includes the power to decide all questions necessary to a proper distribution: Dundas's Est., 73 Pa. 474; McGettrick's App., supra; Dickinson's Est., 148 Pa. 142. In McGettrick's App., supra, it was decided that the orphans' court in a proceeding to distribute the proceeds of the sale of the real estate of a decedent among his heirs had the power to determine the validity of a deed by which the share of one of the heirs was conveyed to a stranger."

We think, under the authorities, the orphans' court had jurisdiction. The decree of the orphans' court is affirmed, the appellant to pay the costs.