## Mellinger's Estate.

Argued January 24, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Paul A. Mueller,* of *Windolph & Mueller,* with him *Luther C. Schmehl,* for appellants.

*Daniel L. McCarthy,* with him *Marshall M. Cohen* and *Justin D. Jirolanio,* for appellee.

OPINION BY MR. JUSTICE DREW, March 24, 1939:

To compel specific performance by respondent of an agreement, allegedly providing for the conveyance to his wife, petitioners' decedent, of certain real estate, the present action was instituted in the Orphans' Court, under the provisions of the Act of June 7, 1917, P. L. 363, section 9(i), and June 7, 1917, P. L. 447, section 18(a).

On or about May 15, 1915, Lillian I. Mellinger, with her own funds, purchased a small tract of land in East Lampeter Township, Lancaster County, but the deed therefor was executed in the name of herself and that of her husband, Martin H. Mellinger, by the entireties. Moreover, the cost of the dwelling house thereafter erected on the property was paid by Mrs. Mellinger, who, in addition, paid the taxes at all times. On June 15, 1929, Mr. and Mrs. Mellinger went to the office of their attorney; informed him that they had entered into an oral understanding, because of marital difficulties,

whereby it was agreed between them that in consideration of Mrs. Mellinger paying to her husband the sum of $2,500, he would sell or convey and do everything required to release and extinguish all rights, which he might have in her real, personal and mixed property; and requested that a written agreement be prepared, embodying such verbal understanding. Relying on their statement that the land in Lampeter Township stood in the name of Mrs. Mellinger alone, the attorney forthwith drew up an agreement, without examining the record in the Recorder's Office or requiring the production of the deed. Upon Mrs. Mellinger paying to her husband the sum of $2,500, a return of which has never been offered, he signed and delivered the agreement to her, and on the same day that writing was placed of record.

This written agreement contained preambles to the effect that Mrs. Mellinger was seized of the real estate in East Lampeter Township and of certain personal property, that the parties had no children or grandchildren, and that it was the desire and intent of Mr. Mellinger to release, acquit and extinguish all right which he might have in her assets; and then it further provided that he "in consideration of the sum of Twenty-five Hundred Dollars ($2,500.00), the receipt of which is hereby acknowledged, I, the said Martin H. Mellinger, do hereby release, acquit and forever discharge the said Lillian I. Mellinger, her heirs, executors, administrators and assigns, of and from all right, title and interest which I now have or ever did have in the estate, real, personal or mixed, of the said Lillian I. Mellinger so that I now, or hereafter have no claim or never will have any right or claim to any part of the estate, real, personal or mixed, of the said Lillian I. Mellinger. And I further agree that the said Lillian I. Mellinger may sell, mortgage, assign, or transfer any real estate which she now has or hereafter may have with the same force and effect as if I the said Martin H. Mellinger were not the husband of the said Lillian I. Mellinger."

Mrs. Mellinger died on March 14, 1935, and the devisee of this real estate under her will and her executors, being the petitioners herein, filed a bill in equity against Mr. Mellinger in the Court of Common Pleas, to which he filed an answer denying most of the essential averments of the bill, presented a petition asserting that that court had no jurisdiction over the cause of action because "said action being brought to compel the specific execution of contracts made by decedent . . . the Orphans' Court of Lancaster County has exclusive jurisdiction over said action under paragraph 'i' of Section 9 of the Act approved June 7, 1917, P. L. 363." A rule for the preliminary determination of the question was discharged by the court; whereupon Mr. Mellinger took an appeal to this court under the Act of March 5, 1925, P. L. 23 *(Schmehl v. Mellinger,* 325 Pa. 487). On motion of petitioners, we quashed that appeal upon the ground that it was not perfected within the time specified in the act, and in the opinion discussed at some length the matter of the proper jurisdiction for determination of this controversy.

Thereafter, without proceeding further with the suit in equity thus instituted in the Court of Common Pleas, petitioners filed their petition in the Orphans' Court, praying, inter alia, that a decree of specific performance be entered and that Mr. Mellinger be directed to execute a deed to petitioners conveying title to the real estate here in question. Mr. Mellinger filed his answer to the merits and a hearing was had, at which no testimony whatsoever was offered in his behalf. The court entered a decree dismissing the petition for want of jurisdiction. From that decree, petitioners have taken the present appeal.

A thorough study of the record and testimony convinces us that the learned court below erred in dismissing the petition on account of lack of jurisdiction, and in refusing to enter a decree of specific performance. When the written agreement of June 15, 1929, is consid-

ered in conjunction with the undisputed testimony adduced by petitioners, the true intent of the parties is quite clear. Mr. and Mrs. Mellinger, shortly before June 15, 1929, had entered into an oral understanding with each other whereby Mr. Mellinger agreed to sell or convey unto his wife all the right, title and interest in her real and personal assets, for the substantial consideration of $2,500. While the parties at that time were of the mutual belief that the real estate in East Lampeter Township, the only real property of which either was possessed, stood of record in the name of Mrs. Mellinger, nevertheless both had considered it to be part of her sole and separate estate. She had purchased the land and built the house thereon, and also paid the taxes and expenses in making improvements and repairs, all with her own moneys. The parties went to the office of their lawyer on June 15, 1929, in order to have Mr. Mellinger execute any documents and to perform all other lawful acts that might be necessary to release and extinguish all right, title and interest which he might have in the real and personal property of his wife. It was their obvious intention to vest title in the property in Mrs. Mellinger alone.

There was much testimony introduced at the hearing in the court below. Several witnesses stated that Mrs. Mellinger had said on different occasions, in their presence and that of Mr. Mellinger, that the real property in Lampeter Township belonged to her and that she had borne the expense of erecting the house, and this testimony the husband did not deny. The scrivener testified that Mrs. Mellinger paid the purchase price for the real estate, and that she had directed him to place the title thereto in both names. The tax collector stated that the wife at all times paid the taxes; and the attorney who prepared the agreement of June 15, 1929, testified, among other things, that Mr. and Mrs. Mellinger told him: "that they had settled their difficulties and that she was going to pay Martin $2,500 and Martin was going to

convey to her all his interest in her estate. I don't know which one told me, but I think it was Mrs. Mellinger, that she owned the property. I didn't go over to the Courthouse to look up the record. She didn't have her deed with her, and I prepared this agreement. It was read to both of them; it was signed; I was at that time a notary and I took Martin's acknowledgment and the $2,500 was paid to Martin by Mrs. Mellinger."

The written agreement of June 15, 1929, as drawn up by their attorney and executed by Mr. Mellinger, through mutual mistake of fact, did not embody sufficient provisions to put into execution the real intent of the oral understanding of the parties, in that it provided, inter alia, for a release of all the husband's right, title and interest in the real and personal property of Mrs. Mellinger; whereas, the parties actually intended that the husband should forthwith sell or convey in fee simple all his right, title and interest in the real estate in East Lampeter Township, together with that in the personal assets of Mrs. Mellinger. This court said, in *Broida v. Travelers Ins. Co.,* 316 Pa. 444, 447: "It is a well known general rule that where parties have come to a mutual understanding as to the terms to be embodied in a proposed written contract or conveyance, and the writing executed is at variance with that understanding, it will be reformed to express their intention." The evidence to secure a decree reforming a written contract for mistake must be clear and convincing, and not a mere preponderance: Restatement, Contracts, section 511. This burden has been met by petitioners. Therefore, the writing of June 15, 1929, should be reformed so that the real intention of the parties may be carried out.

When the written agreement here in question is thus reformed, it can readily be observed that the Orphans' Court had jurisdiction and should have decreed specific performance. That tribunal has exclusive jurisdiction to compel specific execution of contracts, such as that now before us, made by a decedent to purchase real

estate: *Bell v. Bell,* 287 Pa. 269. While we have said on numerous occasions that the Orphans' Court is one of limited jurisdiction conferred entirely by statute *(Mains's Estate,* 322 Pa. 243), nevertheless, when that court thus obtains jurisdiction over a subject matter, it should apply the rules and principles of equity, and thus dispose of an incidental question of reformation as raised in the instant case.

Therefore, the decree is reversed, and the record is remitted to the court below to reform the written agreement and enter a decree of specific performance in conformity herewith.

Decree reversed, costs to be paid by the estate.