Sharar's Estate.

Argued April 27, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Leonard H. Marks,* with him *Abraham Fishkin,* for appellant.

480

*Edward J. I. Gannon,* of *Hazlett, Gannon & Walter,* for appellee.

OPINION BY RHODES, J., July 13, 1939:

On this appeal appellant contends that she is entitled to retain the proceeds of a policy of insurance on the life of testator, and to receive her distributive share of testator's estate under his last will and testament. Testator died on October 18, 1937, leaving two daughters—appellant, and Bertha Sharar Dohmen. On September 2, 1935, he and his wife executed a joint will which reads:

"September 2-35.

"Ower will & testament. the Home & Property to be sold and money divided equaly betweene. Ower children Mrs Bertha Sharar Dohmen Mrs Lorretta Sharar Bouchat Life insurance must be used to by a lot in Mountairy and Pay all funeral expenses what is left ove to be divide betweene. Ower Daughters Mrs Bertha Sharar Dohmen Mrs Loretta Sharar Bouchat

"Mr W E Sharar

"Mrs W E Sharar"

Letters of administration c. t. a. were issued to Bertha Sharar Dohmen, one of the daughters, who filed her account, and a decree of distribution was made awarding the balance of $530.32 in the hands of the accountant to her. Exceptions were filed by appellant, which were dismissed by the court in banc, and the decree of the auditing judge affirmed. This appeal followed.

At the time the will was executed, testator had one policy of life insurance in the amount of $1,500, his wife being named beneficiary therein. She died on February 2, 1936, and thereafter testator designated his daughter, the appellant, as beneficiary in said policy.

Upon testator's death she received the proceeds which she retained; and the funeral expenses were paid out of the funds of the estate. The testator during his lifetime purchased a lot in Mt. Airy Cemetery. It appears that appellant and her family moved into the home of the testator after the death of his wife. At the audit it was agreed that the real estate had continued to be occupied by her after her father's death, and that her interest in the estate should be charged with rent therefor, at the rate of $25 per month, beginning November 1, 1937. It was also stipulated that the account, although termed the first and final account, was to be treated as a first and partial account, because, when the real estate is sold, as directed by the will, a further accounting will be necessary. The real estate belonging to the estate of the testator was appraised for inheritance tax purposes at $2,000. Appellee maintains that under the terms of her father's will the proceeds of the insurance policy belong to his estate, and should be paid to her as administratrix c. t. a. for the purpose of paying decedent's funeral expenses, and distributing the balance equally between appellant and herself, and that if she declines to do so appellant can receive no benefit under the will until appellee has realized an equal amount from the assets of the estate. The will, it will be observed, is short and crudely drawn. Testator's intention at the time of execution is plainly expressed. His life insurance was to be used to secure a lot in the cemetery (which he purchased in his lifetime), pay the funeral expenses, and the balance, if any, was to be divided between his two daughters; the remainder of his estate was to be converted and divided equally between them. We have the unmistakable intention of the testator that there was to be equality of distribution between his two children. The wife, who was the original beneficiary under the insurance policy, having executed jointly with him the will, recognized his

purpose, and assumed the responsibility to see that it was carried out. When the wife died appellant was substituted as beneficiary. The question arises whether she is anything else than a nominee for the same purpose as testator's wife had been designated. Counsel for appellant in his brief states: "Had Mrs. Bouchat (appellant) been the beneficiary of the insurance policy at the time the will was executed, there could be no doubt that the doctrine of equitable election should be invoked because she would then be the owner of the property which the testator in the will attempted to dispose of." We do not think that it is material in the instant case when appellant was designated the beneficiary, whether at the time of the execution of the will or subsequent to the death of testator's wife.

The premise of appellant's argument is found in a quotation cited from 69 C. J. 1092, §2333, as follows: "The doctrine of election being based on the intention of the testator, conditions existing at the time when the will was executed govern whenever the will is construed to reveal that intention, and if at that time the legatee has no interest or right in the property devised, no election is required; . . . . . ." From this it is argued on behalf of appellant that, when the will in the instant case was executed, she had no interest in the insurance policy, that the will did not attempt to dispose of her property, and hence the situation giving rise to an application of the doctrine of equitable election does not obtain in this case. But appellant's counsel has not quoted in his brief the rest of the sentence in which the foregoing quotation appears, and which reads: "but conditions existing at the time of the testator's death govern where, under construction of the will, such is held to be the intention of the testator, and if at that time there is no plurality of gifts no election is required." We think that the will and the facts incorporated in the record evince a clear intention on the part of the

testator to consider the insurance a part of his estate, not only at the time of executing the will, but also at the time of his death. The wife was the nominee to collect it in the first instance, and appellant subsequently. In the absence of any other facts or circumstances the mere substitution of appellant as beneficiary did not alter or modify testator's arrangement for the beneficiary to act for the purpose of collecting the insurance which was then to be used and distributed as the will provided. The will shows that the dominant intent of the testator was the liquidation of everything that he considered as constituting his estate, from which funds certain expenses were to be paid, and an equal division of the remainder between his two daughters. The will is susceptible of no other meaning. There is nothing in the will itself, or in the facts incorporated in the record by counsel for the parties at the audit, that would warrant the imputation of an intent on the part of testator to prefer one daughter over the other. In the face of such a clear direction of an equal division, it would require stronger authority than appellant has cited to bring about a different result, that is, a division which would give appellant $1,500 in addition to one-half of the net estate. "The mind instinctively shrinks from the task of frustrating the clear intention of a testator, aiming too to make all his children equal . . . . . .": *Van Dyke's Appeal*, 60 Pa. 481, at page 489.

Any permissible interpretation is to be preferred which will preserve the equality of benefit among the testator's children. See *Hirsh's Trust Estate*, 334 Pa. 172, 177, 5 A. 2d 160. " 'A construction which . . . . . . works an invidious distinction between the heirs, is to be avoided where possible': *Edelman's Est.*, 276 Pa. 503, 508, 120 A. 457. 'There is a presumption that the [testator] intended equality of distribution among his beneficiaries': *Kenworthy's Est.*, 269 Pa. 315, 319, 112 A. 774": *Hirsh's Trust Estate*, supra, at page 179.

Accordingly, we think appellant cannot retain as her own the proceeds of the insurance policy which the will directs "must be used" to pay funeral expenses, and "what is left ove to be divide betweene ower Daughters," and claim the benefits under the will. Such a claim is clearly repugnant to its provisions and testator's expressed intention which must prevail if consistent with the rules of law. See *Armstrong et al. v. Walker et al.,* 150 Pa. 585, 587, 25 A. 53; *Cummings' Estate,* 153 Pa. 397, 399, 25 A. 1125; *Cooley v. Houston,* 229 Pa. 495, 507, 78 A. 1129; *Hickman's Estate,* 308 Pa. 230, 235, 162 A. 168; *Hirsh's Trust Estate,* supra, p. 179. In the circumstances we believe testator made the proceeds of the insurance policy payable to appellant, in like manner as he had to his wife, for the purpose of making an equal distribution of the proceeds thereof between the two daughters. If appellant insists on retaining the proceeds of the policy she should be required to make compensation to appellee from the assets of the estate, and she can receive no benefit under the will until appellee has realized an amount equal to the proceeds of the policy from the assets of testator's estate. As the fund for distribution on the first and partial account was less than the amount of insurance retained by appellant, the entire amount was properly distributed to appellee on account of her share of the estate. It appears to us that the contention of appellee is sound, and must be sustained by us as it was sustained by the court below.

Decree of the court below is affirmed, at the cost of appellant.