## Camuso Estate

*Matthews & Matheny*, for accountant.
*James W. Rhodes*, for claimant.

BRAHAM, P. J., February 29, 1952.—This estate is insolvent. The principal point for decision is the validity of the claim of Angelo J. Cassachia to have an insurance premium, paid by him, recognized as a preferred claim.

Mr. Cassachia wrote the insurance on decedent's truck and trailer. He was not paid the premium of $560.80; a check given by decedent in part payment proved worthless. The insuring company charged him

personally with the premium, required payment by the agent as a condition of keeping the insurance in force. The bank from which decedent had negotiated a loan to buy the truck, secured by a lien on the truck and trailer, requested Mr. Cassachia to advance the premium to the insurer. Accordingly he advanced the premium. Shortly thereafter the truck and trailer were almost entirely destroyed by collision and fire. When this happened and when Peter J. Camuso, decedent, died, the premium remained unpaid to Mr. Cassachia.

The insurance company paid the claim in the amount of $5,535 payable jointly to the bank as encumbrancer and to decedent's estate. Mr. Cassachia's claim for the premium was overlooked. Is it entitled to a preference? Obviously there are pronounced equities in his favor; the insurance was the principal asset in the estate. The orphans' court is a court of equity jurisdiction: Colison Estate, 356 Pa. 531, 534. The orphans' court is, however, only a court of limited equity jurisdiction confined to its own field: Mellinger's Estate, 334 Pa. 180, 186; Douglas' Estate, 303 Pa. 227; Odd Fellows Savings Bank Appeal, 123 Pa. 356. In the case at bar it is engaged in distributing the property of a decedent's estate, one of its recognized functions; we must determine whether we may by the application of equitable principles find that a part of an apparent asset of the estate belongs in equity and law to Mr. Cassachia.

Claimant does not rank as a mere volunteer who paid the debt of another. He was required by the insurance company to pay the premium to keep the insurance in force and was liable for the premium. Decedent approved his payment of the premium. The holder of the encumbrance in the title requested him to pay. Indeed the action of an insurance agent in taking out insurance for another without his knowl-

edge may be ratified by the insured even after loss: 16 Appleman Ins. L. & P. §8764; Hopper v. Robinson, 98 U. S. 528, 25 Law Ed. 219; Marqusee v. Hartford Fire Insurance Co., 198 Fed. 475, 42 L. R. A. N. S. 1025.

The insurance company if its premium has not been paid would have had the right to deduct the unpaid premium from any payment for a loss suffered under the policy: 3 Appleman Ins. L. & P. §1572. The agent who has paid the premium is subrogated to the claim of the insurer: Barry & Brewer v. Wright, 168 Miss. 216; 150 So. 186; 14 Appleman Ins. L. & P. §8013. No assignment is necessary; Goldwasser v. Boonshaft, 237 S. W. 825, 209 Mo. App. 115.

The decisive factor in the case, however, arises out of an encumbrance on decedent's vehicle. In the agreement by which he leased it decedent agreed that if he did not pay the premium on the insurance, the lessor (in this case the bank which held the encumbrance) might pay the premium and add it to the amount of the encumbrance.

The bank caused the premium to be paid by requesting the agent who was already liable for it to the insurer to make payment therefor. When the check came the encumbrancer did not require payment of the premium. As the facts are presented to us the insurance agent could sue the bank for this premium on its request for him to pay it; but if this were done the claim of the encumbrancer would be increased by the premium.

Mr. Cassachia is subrogated to the rights of the insurance company and to the rights of the encumbrancer. The statutory power of the orphans' court to distribute estates includes the power to decide all questions necessary to a proper distribution, including this question of subrogation: Dickinson's Estate, 148

Pa. 142; Brandt's Estate, 83 Pa. Superior Ct. 322; McGettrick Appeal, 98 Pa. 9.

The claim of Mr. Cassachia is not one of the class of preferred claims specifically mentioned in the statute but operates rather to diminish the true assets of the estate. The amount of the premium for insurance should have been deducted before the insurance money was paid to the estate. What should have been done then may be done now.

### Order

Accordingly, the claim of Angelo J. Cassachia in the amount of $560.80 is directed to be paid out of the balance of the insurance funds in the hands of the administratrix. Counsel is directed to prepare a decree of distribution conformable to this opinion.