## Werley Estate

*Elias W. Spengler*, for petitioner.

GEARHART, P. J., October 4, 1956.—Emily P. Werley, a widow and the mother of three minor children, has presented her petition requesting that the shares of the minors, being less than $1,000, be paid and delivered respectively to the three named minors without the appointment of a guardian or without the entry of any security, etc.

We presume that petitioner in requesting the award to the minors directly is proceeding under section 1001 of the Fiduciaries Act of April 18, 1949, P. L. 512, as amended by the Act of February 23, 1956, P. L. 1084, which amendment became effective on January 1, 1956.

The pertinent allegation in the petition is:

"2. That the estate of each of said minors consists of a bequest of Two hundred ($200.00) Dollars plus one-tenth (1/10) of the residuary estate under the Will of the said Bertha F. Werley, each said share being of the value of less than One thousand ($1,000.-00) Dollars."

There is nothing in the petition that indicates when Bertha F. Werley died, of what county she was a resident at the time of her death, whether the executor

of her will had filed an accounting or whether the account was confirmed and distribution ordered, etc. It is to be observed that under the section hereinbefore cited, the court "having jurisdiction of a decedent's estate" may award the interest of the minor as indicated in the section. From the petition we do not know whether we have jurisdiction of decedent's estate. More than that, we do not know the gross amount of the estate of the said Bertha F. Werley, and of course we do not know how the net value of the shares of the said minors was arrived at. In short, the court is asked to put its imprimatur on the distribution of alleged legacies, not knowing the origin or the amount of the estate nor whether all creditors have been paid. This cannot be done.

An order to pay a legacy will not be made unless there has been a preceding accounting and an award of the legacy by the court: Vol. 1 Remick, Pennsylvania Orphans' Court Practice, sec. 161, page 477, et seq.; Hunter, Pennsylvania Orphans' Court Commonplace Book, vol. 1, page 327, et seq., and vol. 2, page 973, et seq.; Yeisley Estate, 358 Pa. 200; Vassilakis v. Vassilakis, 371 Pa. 268.

It may well be that the estate of Bertha F. Werley had a gross value not exceeding $1,500 and in that event, the parties in interest could proceed if they saw fit, under either section 202 of the Fiduciaries Act, or under section 731, as the facts warrant. Under either procedure the court would make the order of distribution and if the respective minors were entitled to $1,500 or less, the court under the authority of section 1001 of the Fiduciaries Act could award it ". . . without the appointment of a guardian or the entry of security. . . ."

Now, October 4, 1956, the petition is dismissed for the reasons above set forth.