## Hess v. Provident Tradesmens Bank and Trust Company

C. P. of Montgomery County, no. 64-872.

*Thomas J. Burke*, for plaintiff.

*Louis C. Bechtle*, for defendants.

SMILLIE, J., April 15, 1964.—Plaintiff, Richard E. Hess, a licensed real estate broker, instituted an action in assumpsit against defendants individually and as coexecutors of the estate of John Albert Kolmer, deceased. Defendants authorized plaintiff to act as their agent in selling a Cynwyd property in Montgomery County, Pennsylvania. Defendants transferred the property to a straw party with knowledge that the actual purchaser had been introduced to the property by plaintiff, and that plaintiff, Hess, was the efficient and procuring cause of the purchase of the property. Hess, plaintiff, real estate broker, is asking for commissions because defendants refused to pay the same. Defendant filed preliminary objections raising a question of jurisdiction of the Court of Common Pleas of Montgomery County claiming that jurisdiction laid exclusively with the orphans' court.

The orphans' court is a court of limited jurisdiction having only those powers conferred by or implied from legislation. Generally its jurisdiction extends to estates and trusts. The orphans' court has all legal and equitable powers required for or incidental to the exercise of its jurisdiction. Since the case at hand involves the conversion and distribution of the assets of decedent, we think it might have been brought before the orphans' court, but it also properly lies in the court of common pleas.

The Common Pleas Courts of the Commonwealth of Pennsylvania are courts of general jurisdiction and have traditionally had jurisdiction of actions of assumpsit. This action does not involve any misconduct on the part of the executors which would subject them to a surcharge or removal; plaintiff merely asserts that he had a contract as a result of which a sum of money is owed.

Although defendants are being sued individually and as executors, the issue is purely an action on a contract. The question for our determination is solely whether a contract was entered into by the parties and as a result of that contract whether a sum of money is owed.

In Clark v. Provident Trust Company of Philadelphia, 329 Pa. 421 (1938), the Supreme Court considered a case involving a claim for a real estate commission. The action was instituted in a common pleas court and the Supreme Court did not question jurisdiction in any way. This is significant for an appellate court may question jurisdiction even though it is not raised previously and jurisdiction is not obtained by consent of the parties.

Defendants rely upon Brandt's Estate, 83 Pa. Superior Ct. 322 (1924), which is not in point because that case was clearly a question for the orphans' court to decide based upon the distribution of a fund which was then before the court for proper division after an accounting. In Horner v. First Pennsylvania Banking and Trust Company, 412 Pa. 72 (1963), the Supreme Court said that the orphans' court has exclusive jurisdiction of a matter which was a question of whether or not a trustee had acted improperly and it was thus indisputable that such action is within the exclusive jurisdiction of the orphans' court, it being in the nature of a surcharge for improper action of a fiduciary.

The present case is one which properly belongs in common pleas and although there may be concurrent jurisdiction with the orphans' court it would seem that the common pleas court is the proper tribunal to determine whether or not any amount is due from defendants.

And now, April 15, 1964, the preliminary objections are dismissed and defendants are directed to answer the complaint within 20 days from the date hereof.