479 A.2d 612

ESTATE OF Bernard D. STALNAKER, Deceased.

Appeal of Marian Lee MORGAN.

ESTATE OF Bernard D. STALNAKER, Deceased.

Appeal of D'Arcy D. AMBURN, Executrix and Beneficiary.

Superior Court of Pennsylvania.

Argued June 15, 1983.

Filed Aug. 3, 1984.

400

Frank A. Bedford, III, Wynnewood, for appellant (at 670) and for participating party (at 857).

Thomas M. Thistle, Philadelphia, for appellant (at 857) and for participating party (at 670).

Before CERCONE, President Judge, and McEWEN and HOFFMAN, JJ.

CERCONE, President Judge:

These are cross appeals from a decree of the Orphans' Court of Philadelphia regarding the estate of Bernard D. Stalnaker, deceased (hereafter referred to as testator). Mr. Stalnaker died on February 7, 1980 leaving a will dated December 3, 1973 and a codicil thereto dated November 25, 1977. In the will, the testator left his entire estate to his daughter D'Arcy D. Amburn and also named her executrix. In addition to the will, the testator executed a handwritten codicil which reads:

I, Bernard D. Stalnaker, 238 South 21st Street, Phila., Pa., herewith request that the sum of thirty thousand dollars ($30,000.00) be re-apportioned from my estate, established in my latest will, and left to Marian Lee Morgan Perronne, daughter of Mrs. Wayne Enyeart of Lantanta, Fla.

The above amount is to be given to Marian Lee Morgan Perrone without any equivocation and uncontestable by either of my two daughters or any other person or persons.

This codicil is to become effective this day, the date of this writing which is November 25, 1977 (November the twenty-fifth, nineteen hundred and seventy-seven).

The amount of $30,000.00 is to be paid from insurance monies from Aetna Life & Casualty Co. of Hartford, Conn., local agent, H. Griffith Robbins of Philadelphia, Pa.

Under the codicil, Marian Lee Morgan Pirrone [1] (hereafter referred to as niece) appeared to be entitled to $30,000.00 from the estate, representing insurance proceeds. At the time of his demise, the testator owned and was the named insured under two policies issued by Aetna. One life insurance policy was in effect naming Amburn and her sister Lora Jo Dickhart as beneficiaries.[2] Another policy was a disability policy, from which appellant was receiving benefits at the time of his death. Aetna paid the proceeds of the life insurance, $100,526.00, to Amburn and Dickhart and paid testator's estate, $183.33, the remaining cash value of the disability policy.

The will and codicil were admitted to probate.[3] After procedural jousting, the niece filed objections to the Amburn's first and final account and the matter was called to

1. Spelled "Peronne" in the codicil.

2. A second life insurance policy had been cashed in prior to appellant's death.

3. The codicil was only admitted to probate after the niece petitioned to have it admitted.

audit. The Orphans' Court held that the daughter had to elect to either accept the insurance proceeds or to take under the will. The chancellor noted that if she elected to retain the insurance proceeds, only $2,281.00 would remain in the estate after admitted and proven claims had been satisfied. The court reserved ruling upon the niece's claim, that the estate should not pay attorney's fees incurred in presenting the daughter's position, until after the election was made.

Both parties filed exceptions. After argument before the court *en banc*, the chancellor's decree was confirmed and Amburn was directed to make her election within thirty days. Resolution of the challenge to the attorney's fees listed in the account was reserved until after the election. Thereafter, the parties filed cross appeals to this court. On appeal, the niece continues to argue that she is entitled to $30,000 of the insurance proceeds, while Amburn insists such proceeds did not pass through the will and therefore the bequest to the niece was adeemed. Amburn insists that the court erred in requiring her to make an election.

Life insurance proceeds, payable to a named beneficiary on a policy owned by a decedent and insuring that decedent's life, pass outside of the decedent's estate. *See Henderson Estate*, 395 Pa. 215, 149 A.2d 892 (1959). Therefore, here the niece does not appear to be entitled to such proceeds. However, where a decedent disposes of an asset, during his or her lifetime but then treats it in his or her will as if it was still part of the estate, and the donee of the life time gift is also a beneficiary under other provisions of the will, such donee may be required to elect between keeping the *inter vivos* transfer or taking under the will. *Vassilakis v. Vassilakis*, 371 Pa. 268, 8 A.2d 789 (1952); *Stoke's Estate*, 61 Pa. 136 (1869); *Andreas Estate*, 5 Pa. D & C2d 773 (1956).

In *Sharar's Estate*, 136 Pa.Superior Ct. 478, 7 A.2d 506 (1939); and *Arney Estate*, 62 Pa. D & C2d 39 (1973), the

precise issue as raised here by the niece, was addressed.[4] In both cases the decedent had named certain persons as beneficiaries of life insurance policies as well as legatees in his or her will. The wills however provided for a different disposition of the insurance proceeds from that designated pursuant to the insurance contract. The insurers paid the beneficiaries named pursuant to the policy. In both *Sharar's* and *Arney*, the devisees who had received the proceeds of the insurance policies were directed to choose between retaining such proceeds or taking their bequest under the will. If they decide to retain the insurance proceeds then they could not benefit under the will until after the remaining testamentary scheme had been satisfied. Therefore, in this case the Orphans' Court correctly directed the daughter to make an election.

 Amburn, the daughter, attempts to avoid the holding of *Sharar's Estate* by arguing that the bequest to the niece was a specific bequest which failed by ademption as the specific asset devised was no longer part of the estate. A specific bequest or devise is a gift of a particular article or other property, real or personal, which is distinguishable from all other things of the same kind. A specific bequest can only be satisfied by the delivery of the particular item. *In Re Estate of Fox*, 494 Pa. 584, 431 A.2d 1008 (1981); *Soles Estate*, 451 Pa. 568, 304 A.2d 97 (1973). Where at the time of the testator's or testatrix's death he or she no longer owns an interest in the thing specifically devised, the gift is extinguished or adeemed. *In Re Estate of Nakoneczny*, 456 Pa. 320, 319 A.2d 893 (1974).

 If a monetary legacy is given with reference to a particular fund, but only as an indication of a convenient source for satisfying such legacy, it will be considered demonstrative and not specific. *Crawford's Estate*, 293 Pa. 570, 143 A. 214 (1928). If the legacy is to be paid from a larger source, the bequest will be considered demonstrative. *Welch's Appeal*, 28 Pa. 363 (1857). In the case at hand we

---

4. The issue was also raised in *Vassilakis, supra;* however, that appeal was resolved on procedural grounds.

find that the bequest to the niece was demonstrative and not specific. In the first paragraph of the codicil the testator directs that $30,000 "be reapportioned from my estate" and only in the fourth paragraph is the source of the $30,000, "the insurance proceeds", designated. We interpret the fourth paragraph as being guidance, and not a directive, to the executrix.

In *Soles Estate, supra,* the Supreme Court after determining that it could not confidently determine the testator's scheme from the will itself, placed itself "in the armchair" of the decedent and looked to the circumstances existing at the time the will was executed. Doing likewise here, we must observe that the codicil does not indicate a particular policy. The chancellor found that at the time of the execution of the codicil, testator owned three policies of insurance, two life insurance policies and one disability policy. One of the life insurance policies had been cashed in prior to testator's death and he had claimed benefits under the disability policy reducing its value at his death. We must attempt to give effect to the testator's wishes, as expressed by him at the time he signed the codicil, however we are unable, with any degree of confidence, to determine which, if any, particular policy he was referring to.

Furthermore, at the minimum, the codicil is far from clear. "[I]f there is doubt, the courts are inclined to find a demonstrative rather than a specific legacy, devise or bequeath." *Estate of Nakoneczny, supra,* 456 Pa. at 324, 319 A.2d at 896 (citations omitted), *see also Soles Estate, supra.* Here we must presume the bequest to the niece was not specific. We conclude therefore that there is no reason to exempt Amburn from the operation of the doctrine of equitable election.

Finally, we are also in agreement with the Orphans' Court decision to withhold the decision on the challenge to the payment of counsel fees. Such a decision is unnecessary and premature until after the daughter makes her election.

Order affirmed. Appellant Amburn is directed to make her election within thirty days of this opinion. We do not retain jurisdiction.