## McKenzie's Adoption

*J. Frank McAllister*, for petitioner.

TRIMBLE, P. J., February 9, 1942.—Anna McKenzie Youngs has presented a petition for the revocation of an adoption decree entered October 29, 1937, whereby her daughter, Anna Evlina McKenzie, became the adopted child of David Wilmot Jenkins and Freida Jenkins, his wife, acquired all the rights and duties of such relationship, and assumed the name of Anna Evlina Jenkins. The child was 14 years of age when

adopted and is now 18 years old. The adoption was made with the full consent of Anna McKenzie Youngs. The adoptive parents have furnished a proper home for the child but all parties have failed to adjust themselves successfully to the new family relationship and their difficulties have culminated in the voluntary return of the child to her mother. All parties desire the termination of the child's present status. The financial position of Mrs. Youngs is now such that she can maintain her daughter. She is living with her husband, Jesse B. Youngs, who has consented to the resumption of the parental relationship between Mrs. Youngs and her daughter and to the maintenance of said child in their home. Accordingly Mrs. Youngs has presented the petition for vacation of the decree, with the joinder of David Wilmot Jenkins and Freida Jenkins, his wife, and the consents of Anna Evlina Jenkins and Jesse B. Youngs.

In the absence of a statutory provision placing a decree of adoption on a different footing than other judgments, there is nothing in the nature of such a decree to take away from the court granting it the power to revoke or annul it: 2 C. J. S. 430, §42; Tucker et al. v. Fisk, 154 Mass. 574, 28 N. E. 1051; Fiske v. Pratt et al., 157 Mass. 83, 31 N. E. 715. Pennsylvania has no statutory provisions on this subject.

No question of fraud appears in this case. The adoption of the child was made with the full consent of petitioner, her mother. However, despite the absence of any of the usual grounds for the revocation of a decree or judgment, a decree of adoption may be revoked where the welfare of the child will be promoted. In Pennsylvania it has been held that, where all parties consent and it is for the best interests of the child, a decree of adoption will be revoked: In re Blair, 11 W. N. C. 239 (1882) ; In re Gatjkowski, 12 Pa. C. C. 191 (1890) ; In re Sovanofsky, 18 Lanc. 30 (1900). But a decree will not be set aside merely because of the

regret of the parent who consented to it: Young's Adoption, 259 Pa. 573 (1918) ; Maloney's Adoption, 22 Luz. 405 (1923) ; Kutz's Adoption, 11 D. & C. 766 (1928) ; Marilyn's Adoption, 82 Pitts. 271 (1934). In no case will the decree be vacated where it is not for the best interests of the child: Wolf's Appeal, 22 W. N. C. 93 (1888) ; nor where the child is content and the foster parents oppose the vacation of the decree: Rutstein's Adoption, 48 Pa. C. C. 80 (1919). A revocation will not be decreed in the absence of proof of ability of the mother to care for and maintain the child: Stover's Adoption (No. 2), 42 Lanc. 5 (1929). On revocation of an adoption, the child assumes the status possessed prior to the proceeding, and the court is free to proceed as though no adoption proceedings had been pursued; 2 C. J. S. 439, §49.

An analysis of the foregoing cases reveals that the primary consideration of the courts, in determining whether the adoption decree should be revoked, has been the welfare of the child. The decree was revoked where the child's interests were thereby advanced; otherwise it was permitted to stand. The testimony in this case shows that all parties have consented to the revocation of the adoption decree, that Mrs. Youngs is financially able to maintain her daughter, that no property rights of the child are involved, and that her welfare will be best promoted by the revocation of the decree. Accordingly, the decree of adoption entered October 29, 1937, will be revoked.