NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 14-2871 & 14-3049
_____

DEB WHITEWOOD; SUSAN WHITEWOOD; FREDIA HURDLE; LYNN HURDLE;
EDWIN HILL; DAVID PALMER; HEATHER POEHLER; KATH POEHLER;
FERNANDO CHANG-MUY; LEN RIESER; DAWN PLUMMER; DIANA POLSON;
ANGELA GILLEM; GAIL LLOYD; HELENA MILLER; DARA RASPBERRY;
RON GEBHARDTSBAUER; GREG WRIGHT; MARLA CATTERMOLE;
JULIA LOBUR; MAUREEN HENNESSEY; A.W. and; K.W., minor children, by the
through their parents and next friends, Deb Whitewood and Susan Whitewood;
SANDY FERLANIE; CHRISTINA DONATO

v.

SECRETARY PENNSYLVANIA DEPARTMENT OF HEALTH;
DONALD PETRILLE, JR., in his official capacity as Register of Wills and Clerk of
Orphans' Court of Bucks County; DAN MEUSER

*James D. Schneller; **Philadelphia Metro Task Force,
Appellants

(*Pursuant to Fed. R. App. P. 12(a))
(**Dismissed pursuant to Court's Order dated 01/02/2015)
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-13-cv-01861)
District Judge:  Honorable John E. Jones, III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 1, 2015
Before:  FUENTES, SHWARTZ and ROTH, Circuit Judges

(Filed: July 29, 2015)

_____

OPINION[*]

_____

PER CURIAM

Pro se appellant James Schneller attempts to appeal from several of the District

Court's orders in the above-captioned case, in which Schneller attempted to intervene.

For the following reasons, we will dismiss his appeal from the District Court's May 20,

2014 order, and we will affirm in part and vacate in part the District Court's April 24,

2014 order.

I.

In November 2013, Schneller filed a pro se motion for leave to intervene in the

above-captioned case, which involved a same-sex couple's challenge to, among other

things, Pennsylvania's Marriage Law, 23 Pa. Cons. Stat. Ann. §§ 1102 and 1704.

Schneller sought to intervene on behalf of himself and the Philadelphia Metro Task Force

("Task Force"),[1] which he states is a community organization of which he is the co-

founder and sole decision-maker.  The District Court denied Schneller's request,

concluding that he could not proceed pro se on behalf of the Task Force, and that he had

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

[1] We dismissed the Task Force as a party to this appeal in our January 2, 2015 order.

2

not established that he was eligible to intervene by right or permission pursuant to Rule 24(a) or (b) of the Federal Rules of Civil Procedure.

On March 17, 2014, the District Court denied Schneller's motion to reconsider. Schneller did not appeal from that order, and instead filed a motion for leave to file an amended motion to intervene. Schneller argued that the District Court should allow him to file the amended motion to intervene pursuant to Federal Rule of Civil Procedure 15(a), which governs the amendment of pleadings. He also stated that "[t]he order denying intervention . . . set forth errors that clearly could be resolved by an improved pleading."

On April 24, 2014, the District Court denied Schneller's motion, explaining that it was more properly construed as a second Federal Rule of Civil Procedure 59(e) motion for reconsideration. The District Court stated that, "[i]nasmuch as we have previously denied Mr. Schneller's request for reconsideration, we again easily do so here, noting that he has met none of the touchstones of Fed. R. Civ. P. 59(e), and is merely attempting to gain a 'second bite" at the apple." The District Court's order also effectively issued a filing prohibition against Schneller, directing the Clerk of Court to "return any future filings by Mr. Schneller to him upon receipt."

Schneller's May 7, 2014 notice of appeal was returned to him due to the District Court's filing injunction. He then submitted a notice of appeal to this Court, challenging the denial of his motions, as well as the District Court's filing prohibition and its initial

3

failure to file his notice of appeal. (See C.A. No. 14-2871.) We instructed the District Court to docket the appeal as filed on May 15, 2014.

On May 20, 2014, the District Court granted the plaintiffs' motion for summary judgment and declared that 23 Pa. Cons. Stat. Ann. §§ 1102 and 1704 are unconstitutional. The defendants did not appeal. Schneller, however, filed a notice of appeal on June 14, 2014, attempting to appeal from the District Court's May 20, 2014 order. (See C.A. No. 14-3049.) He also again challenged the District Court's filing prohibition and its denial of his various motions.

Schneller's appeals have been consolidated for all purposes, and are now ripe for disposition.

II.

First, Schneller does not have standing to challenge the District Court's May 20, 2014 order holding Pennsylvania's Marriage Law unconstitutional. He was a non-party whose motion to intervene was denied and, despite his arguments, he has not been aggrieved by the District Court's May 20th order. See United States v. Stoerr, 695 F.3d 271, 276 (3d Cir. 2012) ("[T]he Supreme Court and our Court have long recognized, as a general matter, that 'only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment.'") (quoting Marino v. Ortiz, 484 U.S. 301, 304 (1988)). Thus, because Schneller lacks standing, we dismiss his appeal from the District Court's May 20th order.

4

Second, our jurisdiction is limited to review of the District Court' April 24, 2014 order. A second motion for reconsideration does not toll the time to appeal from an initial judgment, see Turner v. Evers, 726 F.2d 112, 114 (3d Cir. 1984), and Schneller's notice of appeal was not filed within thirty days of either the District Court's February 6, 2014 order denying his motion to intervene or the March 17, 2014 order denying his first motion for reconsideration, see Fed. R. App. P. 4(a)(1). Accordingly, we review only the District Court's order denying Schneller's motion to file an amended motion to intervene. Our standard of review over the District Court's order is for an abuse of discretion. See Max's Seafood Café ex rel Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

The District Court properly treated Schneller's motion as a second motion to reconsider its March 17th order denying his initial motion to intervene, as he clearly wanted the District Court to reconsider its previous orders and allow him to intervene. See Ahmed v. Dragovich, 297 F.3d 201, 208 (3d Cir. 2002) (stating that courts are free to recharacterize a "motion to amend to match the substance of the relief requested"). The District Court did not abuse its discretion in denying the recharacterized motion, as Schneller merely restated the arguments set forth in his initial motion to intervene and first motion for reconsideration. See Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (noting that Rule 59(e) "may not be used to relitigate old matters") (quotation marks omitted). Accordingly, we will affirm the District Court's April 24 order to the extent that it denied Schneller's amended motion to intervene.

5

We will, however, vacate the District Court's filing prohibition against Schneller. We review such an order for abuse of discretion. Abdul-Akbar v. Watson, 901 F.2d 329, 331 (3d Cir. 1990). A district court is permitted to issue a filing injunction against vexatious litigants under 28 U.S.C. § 1651(a) when it believes that the abusive conduct will continue if not restrained. Id. at 332. However, this is an "'extreme remedy which must be narrowly tailored and sparingly used.'" Id. (quoting Matter of Packer Ave. Assoc., 884 F.2d 745, 747 (3d Cir. 1989)); see also Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993) (holding same). Before issuing such an order, the district court must provide the litigant with notice and an opportunity to respond. See, e.g., Gagliardi v. McWilliams, 834 F.2d 81, 83 (3d Cir. 1987) (per curiam).

Here, the District Court's April 24th order directed the Clerk "to return any future filings by Mr. Schneller to him upon receipt." The District Court did not provide Schneller with notice of its intent to prohibit future filings or an opportunity to respond. Moreover, the restriction does not appear to be limited in any way. Although Schneller has filed numerous meritless actions and has attempted to intervene in many cases (and may very well constitute a vexatious litigant), the District Court offered no explanation for its imposition of the order. Thus, we will vacate the portion of the District Court's April 24, 2014 order setting forth the filing prohibition against Schneller.[2]

---

[2] We need not remand for any further proceedings because the District Court, if it wishes, can sua sponte direct Schneller to show cause why he should not be subject to a filing injunction. We express no opinion on that issue.

6

We have thoroughly reviewed Schneller's remaining arguments and claims on appeal and conclude that they are meritless. Schneller's motions to file his brief out of time and to accept the noncompliant filing are granted, and Schneller's brief is deemed filed as of February 26, 2015. Appellees' motion to be excused from filing a brief is granted. Schneller's motion for oral argument is denied.