J-A10046-16

2016 PA Super 295

IN RE:  ADOPTION OF: R.A.B., JR.,     :    IN THE SUPERIOR COURT OF
          :       PENNSYLVANIA
          :
          :
APPEAL OF: N.M.E.          :    No. 1070 WDA 2015

Appeal from the Order June 11, 2015
In the Court of Common Pleas of Allegheny County
Orphans' Court at No(s): A-12-038

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PANELLA, J.

OPINION BY GANTMAN, P.J.:         **FILED DECEMBER 21, 2016**

Appellant, N.M.E., appeals from the order entered in the Allegheny County Court of Common Pleas Orphans' court, which denied his petition to annul or revoke the adult adoption of R.A.B., Jr.  We reverse and remand for further proceedings.

The relevant facts and procedural history of this case are as follows. On April 20, 2012, N.M.E. filed a petition to adopt R.A.B., Jr., his same-sex partner of over forty years, for the purposes of becoming a family unit and for financial and for estate planning.  The Orphans' court granted the petition on July 12, 2012.  When marriage between same-sex couples became legal in Pennsylvania, N.M.E. and R.A.B., Jr. wanted to marry; but, due to the existing adoption, the marriage was legally prohibited.

For the express purpose of exercising his fundamental right to marry, N.M.E. filed on March 23, 2015, an unopposed petition to annul or revoke the adoption of R.A.B., Jr.  The petition included R.A.B., Jr.'s affidavit of

consent to annul or revoke the adoption. Following a hearing, the Orphans'

court denied the petition on June 11, 2015. N.M.E. filed exceptions to the

order, which the Orphans' court dismissed on July 7, 2015. N.M.E. timely

filed a notice of appeal on Monday, July 13, 2015.[1]

N.M.E. raises the following issues for our review:

> DID THE [ORPHANS'] COURT COMMIT AN ERROR OF LAW
> WHEN IT DENIED [N.M.E.'S] PETITION FOR
> ANNULMENT/REVOCATION OF ADOPTION IN VIOLATION
> OF [N.M.E.'S] FUNDAMENTAL RIGHT TO MARRY UNDER
> THE FOURTEENTH AMENDMENT OF THE UNITED STATES
> CONSTITUTION?
>
> DID THE [ORPHANS'] COURT ABUSE ITS DISCRETION AND
> COMMIT AN ERROR OF LAW WHEN IT FAILED TO
> CONSIDER THE BEST INTEREST OF THE ADOPTEE, [R.A.B.,
> JR.], IN DETERMINING WHETHER TO GRANT [N.M.E.'S]
> PETITION FOR ANNULMENT/REVOCATION OF ADOPTION?

(N.M.E.'s Brief at viii).

N.M.E. argues the Orphans' court violated his fundamental right to

marry when it denied his petition to annul or revoke the adoption of R.A.B.,

Jr. N.M.E. avers federal case law now confirms same-sex marriage is legal,

and same-sex partners have a fundamental right to marry. Based on this

precedent, N.M.E. asserts the Adoption Act cannot be used to bar rescission

of his adoption of R.A.B., Jr. in favor of their marriage. To give effect to the

right to marry, N.M.E. maintains he can bypass the Adoption Act.

---

[1] N.M.E. filed an application to undesignate the case as a children's fast track appeal on August 17, 2015, which this Court granted on August 20, 2015. Additionally, before filing its opinion, the Orphans' court did not order N.M.E. to file a concise statement of errors.

Alternatively, N.M.E. contends the Orphans' court was required to consider R.A.B., Jr.'s best interests when it decided N.M.E.'s petition, and revocation of the adult adoption is in R.A.B., Jr.'s best interests because the couple love each other and want to marry. N.M.E. submits that in 2012, adult adoption was their only option to become a family, as they were prohibited from marrying by an unconstitutional statute. N.M.E. concludes this Court should reverse the order denying the petition to annul or revoke the adoption of R.A.B., Jr. and remand for entry of an order granting the requested relief. We agree.

"[T]he interpretation and application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law." **Wilson v. Transport Ins. Co.**, 889 A.2d 563, 570 (Pa.Super. 2005) (internal quotations omitted). "As with all questions of law, the appellate standard of review is *de novo* and the appellate scope of review is plenary." **In re Wilson**, 879 A.2d 199, 214 (Pa.Super. 2005) (*en banc*). Further,

> [We] are constrained by the rules of statutory interpretation, particularly as found in the Statutory Construction Act. 1 Pa.C.S.A. §§ 1501-1991. The goal in interpreting any statute is to ascertain and effectuate the intention of the General Assembly. Our Supreme Court has stated that the plain language of a statute is in general the best indication of the legislative intent that gave rise to the statute. When the language is clear, explicit, and free from any ambiguity, we discern intent from the language alone, and not from the arguments based on legislative history or "spirit" of the statute. We must construe words and phrases in the statute according to their common and

- 3 -

approved usage. We also must construe a statute in such a way as to give effect to all its provisions, if possible, thereby avoiding the need to label any provision as mere surplusage.

*Cimino v. Valley Family Medicine*, 912 A.2d 851, 853 (Pa.Super. 2006), *appeal denied*, 591 Pa. 731, 921 A.2d 494 (2007) (quoting *Weiner v. Fisher*, 871 A.2d 1283, 1285-86 (Pa.Super. 2005)). *See also* 1 Pa.C.S.A. § 1921. Under Section 1921(c), the court resorts to considerations of "purpose" and "object" of the legislature when the words of a statute are not explicit. *Sternlicht v. Sternlicht*, 583 Pa. 149, 158-59, 876 A.2d 904, 909 (2005) (referring to consideration of matters such as: (1) occasion and necessity for statute; (2) circumstances under which it was enacted; (3) mischief to be remedied; (4) object to be attained; (5) former law, if any, including other statutes upon same or similar subjects; (6) consequences of particular interpretation; (7) contemporaneous legislative history; (8) legislative and administrative interpretations of such statute). Finally, "it is presumed that the legislature did not intend an absurd or unreasonable result. In this regard, we…are permitted to examine the practical consequences of a particular interpretation." *Commonwealth v. Diakatos*, 708 A.2d 510, 512 (Pa.Super. 1998).

"[T]he Orphans' [c]ourt is a court of equity, [which means] that in the exercise of its limited jurisdiction conferred entirely by statute, it applies the rules and principles of equity." *Appeal of Willard*, 65 Pa. 265, 267 (1870). In equity matters, "[w]e must accept the trial court's finding of fact, and

cannot reverse the trial court's determination absent a clear abuse of discretion or error of law." ***Cambria-Stoltz Enterprises v. TNT Investments***, 747 A.2d 947, 950 (Pa.Super. 2000), *appeal denied*, 568 Pa. 653, 795 A.2d 970 (2000). "The trial court's conclusions of law, however, are **not** binding on an appellate court because it is the appellate court's duty to determine if the trial court correctly applied the law to the facts" of the case. ***Triffin v. Dillabough***, 552 Pa. 550, 555, 716 A.2d 605, 607 (1998) (emphasis added). If a decision of the Orphans' court lacks evidentiary support, this Court has "the power to draw [our] own inferences and make [our] own deductions from facts and conclusions of law." ***In re Paxson Trust I***, 893 A.2d 99, 113 (Pa.Super. 2006), *appeal denied*, 588 Pa. 759, 903 A.2d 538 (2006) (internal quotations omitted).

The Orphans' court has jurisdiction to hear adoption matters. ***See*** 20 Pa.C.S.A. § 711(7). Regarding revocation of an adoption decree:

> There is no specific statute in Pennsylvania relating to the revocation of decrees of adoption nor does our present adoption statute contain any provisions therefor. The weight of authority is to the effect that even in the absence of specific statutes in some jurisdictions, courts granting decrees of adoption do have jurisdiction to revoke those decrees for good cause, the proceeding being equitable in nature and the welfare of the child being a most important phase of the consideration by the court.

***Adoption of Phillips***, 12 Pa. D. & C.2d 387, 396-97 (Somerset Cty. 1957). "In the absence of a statutory provision placing a decree of adoption on a different footing than other judgments, there is nothing in the nature of such

a decree to take away from the court granting it the power to revoke or annul it[.]" *In re McKenzie's Adoption*, 44 Pa. D. & C. 86, 87 (Allegheny Cty. 1942).

A petition to set aside an adoption decree implicates equitable principles. *Adoption of Hilton*, 2 Pa. D. & C.3d 499 (Montgomery Cty. 1975), *aff'd*, 470 Pa. 596, 369 A.2d 728 (1977). A court sitting in equity is bound by rules of law, but does not use equitable considerations to deprive a party of his rights. *Bauer v. P.A. Cutri Co. of Bradford*, 434 Pa. 305, 310, 253 A.2d 252, 255 (1969). When the rights of a party are clearly defined, equity should not change or unsettle those rights. *First Fed. Sav. and Loan Ass'n v. Swift*, 457 Pa. 206, 210, 321 A.2d 895, 897 (1974).

Since 2014, the law has recognized same-sex marriage. *See Whitewood v. Wolf*, 992 F.Supp.2d 410, 431 (M.D. Pa. 2014), *appeal dismissed*, 621 Fed.Appx. 141 (3d Cir. 2015) (holding: "[S]ame-sex couples who seek to marry in Pennsylvania may do so, and already married same-sex couples will be recognized as such in the Commonwealth"). In 2015, the United States Supreme Court confirmed same-sex couples have a fundamental right to marry. *See Obergefell v. Hodges*, ___ U.S. ___, ___, 135 S.Ct. 2584, 2604-05, 192 L.Ed.2d 609, ___ (2015) (holding: "[T]he right to marry is a fundamental right inherent in the liberty of the person, and…couples of the same-sex may not be deprived of that right and that liberty. [S]ame-sex couples may exercise the fundamental right to

marry. … State laws…are now held invalid to the extent they exclude same-sex couples from civil marriage on the same terms and conditions as opposite-sex couples"). In its rationale, the Supreme Court enumerated some of the many rights, benefits, and responsibilities states confer on married couples:

> taxation; inheritance and property rights; rules of intestate succession; spousal privilege in the law of evidence; hospital access; medical decisionmaking authority; adoption rights; the rights and benefits of survivors; birth and death certificates; professional ethics rules; campaign finance restrictions; workers' compensation benefits; health insurance; and child custody, support, and visitation rules.

*Id.* at ___, 135 S.Ct. at 2601, 192 L.Ed.2d at ___. States nationwide place marriage "at the center of so many facets of the legal and social order;" that emphasis informs "the fundamental character of the marriage right." *Id.*

Our sister states have permitted adults in adoptive parent-child relationships to annul an adoption in order to marry, even where the relevant adoption statute does not expressly provide for that annulment. *See H.M.A. v. C.A.H.W.*, 2013 WL 1748618, at *3 (Del. Fam. Ct. Mar. 23, 2013) (vacating adoption decree to allow same-sex couple to marry); *In re Adoption of M.*, 722 A.2d 615, 623 (N.J.Super. Ch. Div. 1998) (vacating adoption to allow adoptive father and adoptive daughter, who were both adults at time of decision, to marry).

Instantly, N.M.E.'s 2012 adult adoption of R.A.B., Jr. occurred before Pennsylvania law recognized same-sex marriage, and adult adoption was the

only option the parties had to formalize their family unit with all of the rights conferred by law. Following **Whitewood** and **Obergefell**, Pennsylvania law regarding same-sex marriage changed; same-sex couples in this Commonwealth may now exercise their fundamental right to marry.

When the Orphans' court denied N.M.E.'s petition to annul or revoke his adult adoption of R.A.B., Jr., the court frustrated the couple's ability to marry. Sitting in equity, the Orphans' court had the power to grant the petition so that the parties could legally marry. **See, e.g., Appeal of Willard**. **See also Obergefell, supra**.

Based on the foregoing, we hold, under the circumstances of this case, Pennsylvania law permits an unopposed annulment or revocation of an adult adoption. Although the Adoption Act does not expressly provide for the annulment of the adult adoption, case law does allow it in certain scenarios; and this case presents wholly new and unique circumstances. Therefore, where a same-sex couple, who previously obtained an adult adoption, now seeks to annul or revoke the adoption in order to marry, the Orphans' court has the authority to annul or revoke the adult adoption. The Orphans' court erred when it concluded it lacked that power in this case and improperly denied N.M.E.'s petition to annul or revoke the adult adoption of R.A.B., Jr. Accordingly, we reverse and remand for entry of an order granting the relief requested.

Order reversed; case remanded. Jurisdiction is relinquished.

J-A10046-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/21/2016</u>