J-A17038-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ESTATE OF WALTER EDMONDS, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: ATA ZANDIEH | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 625 EDA 2022 |

Appeal from the Decree Entered November 5, 2021
In the Court of Common Pleas of Philadelphia County
Orphans' Court at No(s):  88DE of 2020

BEFORE:   PANELLA, P.J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                     **FILED DECEMBER 19, 2022**

Ata Zandieh appeals from the orphans' court decree that dismissed his petition for specific performance of an agreement of sale of real property. By its very language, the decree denied Zandieh relief because the agreement was "not enforceable[.]" Decree, entered 11/5/21. The lower court concluded it could not "order specific performance as the [s]pecific [d]evisee contracted for more [p]roperty than he had and [Zandieh, as p]etitioner[,] was aware of the discrepancy regarding the [p]roperty devised in the [w]ill." *Id*. On appeal, Zandieh raises five issues, principally contesting the lower court's determination that there was no "meeting of the minds" between the parties related to the apparent discrepancy between the will and sale of real property and further, that the court failed to ascertain the testamentary

_____

[*] Retired Senior Judge assigned to the Superior Court.

intent of the decedent to resolve this incongruency. We vacate and remand

with instructions.

As established by the lower court:

Walter Edmonds, [d]ecedent, died on June 12, 2011, a resident of Philadelphia, Pennsylvania.

Decedent left a [l]ast [w]ill and [t]estament dated November 28, 1988.

Decedent's [w]ill was admitted to probate by the Register of Wills of Philadelphia County and [l]etters of [a]dministration [*de bonis non cum testamento annexo*] were issued to Pamela Edmonds, Walter F. Edmonds, and Zachary S. Edmonds at File No. W3041-2011.

At the time of death, [d]ecedent owned real property [at 239-243 South Farragut Street, formerly South Farragut Terrace], Philadelphia, Pennsylvania 19139.

Under Article S[eventh] of the [l]ast [w]ill and [t]estament, … [real p]roperty ([described as] 239-241 South Farragut Street) was specifically devised to [d]ecent's son, Langston Alexander Edmonds, his heirs and assigns forever. As such, Langston Alexander Edmonds is the [s]pecific [d]evisee herein.

On August 13, 2019, an [a]greement of [s]ale was entered into between Langston Alexander Edmonds, [r]espondent and seller in the [a]greement, and Ata Zandieh, [p]etitioner and buyer in the [a]greement, where parties agreed that Ata Zandieh would purchase property at 239-243 South Farragut Street, Philadelphia, Pennsylvania for the total purchase price of $264,200.00.

On January 20, 2020, Ata Zandieh … filed a [p]etition for [c]itation for [s]pecific [p]erformance of [a]greement of [s]ale of [r]eal [p]roperty[,] at issue herein. Petitioner requested [the lower c]ourt [to] issue a [d]ecree directing [r]espondents, Pamela Edmonds, Walter F. Edmonds, and Zachary S. Edmonds, [a]dministrators of the [e]state of Walter Edmonds, [d]eceased,

and to Langston Alexander Edmonds, [r]espondent and [s]pecific [d]evisee of the [p]roperty located [on] … South Farragut Street, Philadelphia, Pennsylvania 19139, to appear for a scheduled [r]eal [e]state [c]losing in a title office chosen by … Ata Zandieh, within thirty days from the date of the [d]ecree and the sale of the [p]roperty shall proceed in accordance with the terms of the [a]greement of [s]ale dated August 13, 2019.

Opinion Sur Decree, dated 11/4/21, at 1-2.

In contrast, the respondents argued that because the will explicitly referenced and devised "239-241 South Farragut Street" instead of "239-243 South Farragut Street," the entity known as "239-243 South Farragut Street," or at least the "243" component of the address, was not transferrable under the will to Langston Alexander Edmonds. As such, any agreement by Langston that purported to sell "239-243 South Farragut Street," as a unified piece of real property, was unenforceable.

Eventually, the lower court held a one-day trial to resolve the petition, which resulted in the petition's dismissal. Specifically, the court found the agreement to be unenforceable because the devisee, Langston, contracted for more property than he was entitled to acquire under the will.

Predicated on this determination, Zandieh filed a timely notice of appeal, and the relevant parties have complied with their obligations under Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Zandieh presents five questions:

1. Did the lower court abuse its discretion or commit an error of law in finding that the parties to the agreement of sale did not have a meeting of the minds as to what property was to be conveyed under the agreement?

2. Did the lower court err by not addressing the issue of testamentary intent regarding the property that was to be conveyed under the will?

3. Did the lower court err in not finding that the evidence presented at trial conclusively established that a mistake was made in the address of the real property to be conveyed under the will?

4. Did the lower court err by not compelling the estate's administrators to convey title to the property to the devisee and it not awarding specific performance?

5. Did the administrators need to be parties to the agreement for it to be enforceable, as title to the real property passed to the devisee at decedent's death as a matter of law?

*See* Appellant's Brief, at 4-5.

In reaching its conclusion, the court believed it was limited to consideration of the will and the agreement of sale, as written. *See* Opinion Sur Appeal, dated 3/30/22, at 11. Specifically, the court wrote that:

> [t]he parties admitted that under Article S[eventh] of the [will], said [p]roperty (239-241 South Farragut Street) was specifically devised to [Langston]. The parties also admittedly entered into the [a]greement of [s]ale … with an agreement to purchase property at 239-243 South Farragut Street, Philadelphia, Pennsylvania 19139. It is further admitted that the [w]ill only specifically devised the [p]roperty at 239-241 South Farragut Street to Langston[.] As such, Langston … was the [s]pecific [d]evisee of the [p]roperty because he is a person or entity that is named in the [w]ill to receive specific real estate that belonged to the [d]ecedent.

*Id*., at 12-13. However, it is at this juncture where the court, absent citation, asserted that it was required to "look to the four corners of the [w]ill to determine what [p]roperty the [d]evisee was entitled to transfer." *Id*., at 13.

- 4 -

Appearing to be based solely on the fact that there is a numerical disagreement between the address contained in the will and the address written into the agreement of sale for real property, the court found that there was "no mutual meeting of the minds in forming the contract because the contract … [was] for more [p]roperty that the [s]pecific [d]evisee … was entitled to sell as he was only devised the [p]roperty at 239-241 South Farragut Street." *Id*. The court continued: "the [w]ill cannot be read to imply [p]roperty not devised." *Id*. The court further indicated that any challenge to the will's apparent error is "a matter of contesting the [w]ill and is not an issue before t[he] [c]ourt." *Id*., at 14.

Preliminarily, we note that:

the Orphans' [c]ourt is a court of equity, [which means] that in the exercise of its limited jurisdiction conferred entirely by statute, it applies the rules and principles of equity. In equity matters, [w]e must accept the trial court's finding of fact, and cannot reverse the trial court's determination absent a clear abuse of discretion or error of law. The trial court's conclusions of law, however, are not binding on an appellate court because it is the appellate court's duty to determine if the trial court correctly applied the law to the facts of the case. If a decision of the Orphans' court lacks evidentiary support, this Court has the power to draw [our] own inferences and make [our] own deductions from facts and conclusions of law.

*In re Adoption of R.A.B.*, 153 A.3d 332, 334–35 (Pa. Super. 2016) (citations omitted) (brackets in original).

If there is a scrivener's error in a will, such a mistake "may be established by parol evidence and the instrument reformed accordingly." *In re Duncan's Estate*, 232 A.2d 717, 720 (Pa. 1967).

- 5 -

Here, it is unclear the legal basis by which the lower court believed it was required to facially accept the will's contents without any further consideration into whether a drafting error, in fact, had been committed. Effectively, the court reviewed the will and the agreement, saw that there was a numerical inconsistency between the documents, and concluded that Langston could not agree to sell property that was not literally devised to him under the will.

We recognize that this is a unique case. As best as can be discerned from the record, in seeking specific performance, Zandieh filed a petition against the estate requiring its administrators to execute a deed that would transfer the property to Langston, as devisee, who was then to act in accordance with the agreement of sale in immediately conveying title of the property to Zandieh. Despite the court's determination, when juxtaposed against the present facts, we believe that further development into the question of the court's ability to either interpret or correct a will warrants further consideration. While we agree that a valid contract requires a meeting of the minds to be thereafter operational, there was no analysis into whether the court had any power to hear parol evidence and act accordingly, other than a bald sentence claiming that will reformation is exclusively germane to a will contest, which was, in its words, not an issue presently before the court.

On remand, the court is to explicitly determine, based on the action

before it, if it has the power to ascertain whether there is an error in the will. If it finds in the affirmative, then, the court must decide whether parol evidence establishes that will reformation is necessary and proceed from there.

Decree vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2022