J-A02006-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF RONALD A. WELLER, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: ERIC TODD WELLER | : | |
| | : | |
| | : | No. 730 MDA 2023 |

Appeal from the Order Entered April 24, 2023
In the Court of Common Pleas of Cumberland County Orphans' Court at
No(s):  21-17-1063

BEFORE:  NICHOLS, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED: JUNE 11, 2024**

Appellant Eric Todd Weller appeals from the order[1] granting a specific bequest to Appellee JoAnn Stapf Weller.  On appeal, Appellant argues that the orphans' court abused its discretion and committed an error of law in concluding that the testamentary gift in question was valid.  After review, we affirm.

The record reflects on June 1, 2017, Ronald Weller (Decedent), who is Appellant's father and Appellee's husband, died testate, and he left a holographic Last Will and Testament (the Will).

> On the first page of the holographic Will, Decedent stipulated that "[his]" salery [sic] from NTM INC. shell [sic] be paid directly to

---

[1] The order on appeal was dated April 21, 2023.  However, the record reflects that the order was not entered on the docket and mailed to the parties until April 24, 2023.  ***See*** Pa.R.A.P. 108(a)(1) (providing that the date of entry of an order is the day the clerk of court mails or delivers copies of the order to the parties); Pa.O.C.R. 4.6.  We have amended the caption accordingly.

[Appellee] for a period of two years or until such time that she remarries, which ever [sic] occurs first." To date, more than two years have passed since the date of Decedent's death and [Appellee] has not remarried. On December 9, 2022, [Appellee] filed a petition for a rule to show cause why the court should not issue declaratory judgment of [a] specific bequest to [Appellee from Decedent's Will]. [Appellee] contends that [the] language [in the Will] constitutes a specific bequest of two years of Decedent's salary . . . which can be determined by the filing of [] Decedent's federal income tax return for calendar year 2016. On December 16, 2022, the court issued a rule on [Decedent's son, Appellant] to show cause why the court should not issue the declaratory judgment. On January 5, 2023, [Appellant] answered the rule to show cause. In his answer, [Appellant] alleges that [] Decedent's salary did not belong to [] Decedent at the time of his death and is extinguished.

On January 9, 2023, all parties appeared on the petition for special relief and appointment of receiver where the court continued the hearing to April 21, 2023, to address the petition for special relief, petition for declaratory judgment, and petition for surcharge. . . . On April 21, 2023, the parties appeared in court. Following argument on the record, the court issued an order granting [Appellee's] petition for declaratory judgment of a specific bequest.

Orphans' Ct. Op., 7/17/23, at 1-3 (some formatting altered and footnotes omitted). Appellant filed a timely appeal, and both the orphans' court and Appellant complied with Pa.R.A.P. 1925.[2]

On appeal, Appellant presents the following issue:

Did the orphans' court err by ordering that Decedent's attempted bequest of his post-death salary, which . . . Decedent did not own at the time of his death, is a valid bequest?

_____

[2] In addition to granting Appellee's petition for declaratory judgment, the order further stated that "[i]f the parties cannot agree as to the value of the bequest, either party may petition the [c]ourt for a hearing." Order, 4/24/23. In light of the fact that Appellant appealed the order, the parties have not determined a value for the gift in question.

Appellant's Brief at 5 (formatting altered).

Appellant argues that because Decedent was deceased, he had no salary. Appellant's Brief at 9. Appellant contends that only what Decedent owned at the time of his death may be the subject of a valid gift under the Will. *Id.* at 10. Appellant notes that Decedent's intent is only to be considered when determining whether a bequest is demonstrative or specific. Appellant's Reply Brief at 6. Appellant argues that the gift was an attempted specific gift of something Decedent did not own at the time of death, and the gift cannot be validated by interpreting the testator's intent. Appellant's Brief at 11-12. Accordingly, Appellant asserts that the contested gift is an attempted, and failed specific gift. *Id.* at 17.

Appellee argues that the intent of Decedent was clear, and that Decedent intended to divide his estate equally between Appellant and Appellee.[3] Appellee's Brief at 4-16. Appellee contends that there was a dispute concerning the interpretation of the language in the Will, and the orphans' court properly considered the intent of Decedent. *Id.* at 5-6. Appellee asserts that the gift was demonstrative, and that Decedent's reference to his salary was "simply the way in which to determine the numerical figure gifted to his surviving spouse, Appellee herein." *Id.* at 10. Appellee contends that the gift was not an adeemed or failed gift. Because

---

[3] The parties agree that Decedent intended to provide a legacy for Appellee and the parties further agreed that it was not Decedent's intent to leave Appellee with nothing. *See* N.T., 4/21/23, at 9-10.

Decedent was the sole shareholder of NTM, Inc., and believed that NTM, Inc. would be passed to Appellant:

> as a functioning business entity, [NTM, Inc.,] would be capable of generating revenue sufficient to satisfy Decedent's bequest to his surviving spouse, Appellee. Because NTM, Inc. was and continues to be an active Pennsylvania corporation . . . . The logic then follows that there is a valid bequest to . . . Appellee; the source of the gift to Appellee not adeemed and is, in fact, the principal asset of Decedent's estate.

*Id.* at 11. Appellee concludes that the orphans' court correctly interpreted the will and concluded that the bequest concerning Decedent's salary was a valid, demonstrative gift to Appellee. *Id.* at 15.

We review Appellant's claim of error under the following standard and bearing in mind the following principles:

> Our standard of review of an orphans' court's decision is deferential. When reviewing an orphans' court decree, this Court must determine whether the record is free from legal error and whether the orphans' court's findings are supported by the record. Because the orphans' court sits as the finder of fact, it determines the credibility of the witnesses and, on review, this Court will not reverse its credibility determinations absent an abuse of discretion. However, this Court is not bound to give the same deference to the orphans' court conclusions of law. Where the rules of law on which the orphans' court relied are palpably wrong or clearly inapplicable, we will reverse the court's decree. Moreover, we point out that an abuse of discretion is not merely an error of judgment. However, if in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be manifestly unreasonable or the product of partiality, prejudice, bias, or ill will, discretion has been abused.

*Estate of Sacchetti v. Sacchetti*, 128 A.3d 273, 281-82 (Pa. Super. 2015) (citations omitted).

- 4 -

The orphans' court is a court of equity, which means that in the exercise of its limited jurisdiction conferred entirely by statute, it applies the rules and principles of equity. In equity matters, we must accept the trial court's finding of fact, and cannot reverse the trial court's determination absent a clear abuse of discretion or error of law. The trial court's conclusions of law, however, are not binding on an appellate court because it is the appellate court's duty to determine if the trial court correctly applied the law to the facts of the case. If a decision of the orphans' court lacks evidentiary support, this Court has the power to draw our own inferences and make our own deductions from facts and conclusions of law.

*In re Adoption of R.A.B.*, 153 A.3d 332, 334-35 (Pa. Super. 2016) (citations omitted and some formatting altered).

Demonstrative and specific gifts are described as follows:

A specific bequest or devise is a gift of a particular article or other property, real or personal, which is distinguishable from all other things of the same kind. A specific bequest can only be satisfied by the delivery of the particular item. Where at the time of the testator's or testatrix's death he or she no longer owns an interest in the thing specifically devised, the gift is extinguished or adeemed.

If a monetary legacy is given with reference to a particular fund, but only as an indication of a convenient source for satisfying such legacy, it will be considered demonstrative and not specific. If the legacy is to be paid from a larger source, the bequest will be considered demonstrative.

*Estate of Stalnaker*, 479 A.2d 612, 615 (Pa. Super. 1984) (citations omitted).

Concerning a testator's intent, this Court has stated:

The testator's intent is the polestar in the construction of every will and that intent, if it is not unlawful, must prevail. Also, we must focus on the precise wording of the will and view the words of the will in the context of the overall testamentary plan. We give effect to word and clause where reasonably possible so as

- 5 -

not to render any provision nugatory or mere surplusage. Additionally, we are not permitted to determine what we think the testator might or would have desired under the existing circumstances, or even what we think the testator meant to say. Rather, we must focus on the meaning of the testator's words within the four corners of the will. Finally, a court may not rewrite an unambiguous will.

*In re Estate of Cassidy*, 296 A.3d 1219, 1223 (Pa. Super. 2023) (citation omitted).

In order to ascertain the actual intent of the settlor or testator, the Court must place itself in his armchair and consider not only the language and scheme of the instrument but also the facts and circumstances with which he was surrounded; and these surrounding facts and circumstances include the condition of his family, the natural objects of his bounty and the amount and character of his property.

*Id.* (citation omitted).

"A will shall be construed to apply to all property which the testator owned at his death, including property acquired after the execution of his will." 20 Pa.C.S. § 2514(1.1). However, the testator's intent is not relevant where the property devised in the will is not part of his estate at the time of his death. *In re Nakoneczny's Estate*, 319 A.2d 893, 895 (Pa. 1974), *overruled in part by Estate of Grossman*, 406 A.2d 726 (Pa. 1979)). However, the intent of the testator is relevant to determining whether the gift is demonstrative or specific. *See id.* at 896. The testator's intent "must be gathered not only from the language used in creating the bequest or devise but from the provisions of the will as a whole, and if there is doubt, courts are inclined to find a demonstrative rather than a specific legacy, devise or

- 6 -

bequest." ***Id.*** (citations omitted). "[**A**]**lthough a bequest or devise may apparently be specific in its terms**[,] **it is to be construed as being demonstrative if it is evidently given as a means of carrying out the testator's intention to divide his estate equally**." ***In re Shearer's Estate***, 29 A.2d 535, 537 (Pa. 1943) (citing ***In re Hammer's Estate***, 28 A. 231 (Pa. 1893)) (emphasis added).

The orphans' court addressed this issue as follows:

[I]t was [] Decedent's intent to provide equally for [Appellee] and [Appellant]. In the holographic Will, [] Decedent left [Appellee]: 1) the home [Decedent and Appellee] built together, located at 80 A Greenwood Circle, Wormleysburg, PA; 2) the rent money from Edge Building Products owed and paid monthly $6,300.00; 3) his salary from NTM for a period of two years; 4) beneficiary status of a life insurance policy with New York Life; 5) all Edge Building Products stock; 6) 60% of the proceeds upon the sale of such stock; and 7) 25% of his CNA insurance policy. . . . Decedent left [Appellant]: 1) all Perry County property in Decedent's name; 2) all NTM, Inc. stock; 3) 75% of his CNA insurance policy; 4) 40% of the proceeds upon the sale of Edge Building Products stock; and 5) all items not specifically named in the will.

The 80 A Greenwood Circle, Wormleysburg address was fully encumbered by a mortgage lien, and [Appellee] was unable to obtain alternative financing to make house repairs. The house went into foreclosure. The Edge Building Products company did not exist at [Decedent's] death. The New York Life policy and the CNA policy already named [Appellant] as beneficiary. Therefore, [Appellee] was left with nothing. Per the Will, [Appellant] inherited the land on which NTM, Inc. was located and NTM itself.[FN1] The value of the Wormleysburg home was $990,000.00[,] and the land where the business is located was appraised at $938,000.00. Two years of salary, equates to $192,000.00[FN2] and the NTM, Inc. business at the date of death was valued at $830,976.00. [Appellee] was not entitled the any proceeds of the Edge Building Products because it did not exist at the time of [] Decedent's death, and therefore is adeemed. [Appellee] was not entitled to any proceeds from the New York

- 7 -

Life nor the CNA policies because Son was the listed beneficiary on both. Given the value of the properties, the stocks, and life insurance policies that were gifted to [Appellee], it is reasonable to believe that Decedent attempted to gift his estate equally among [Appellant] and [Appellee]. If the salary bequest is treated as a specific gift, it is adeemed and [Appellee] ends up with nothing under the [W]ill, and [Appellant] is gifted with the property and a business valued at over $1.7 million.[FN3]

> [FN1] In addition to the proceeds from the insurance policies where [Appellant] was named as sole beneficiary.

> [FN2] . . . The parties agree that 1 year's salary is $96,000.00.

> [FN3] This amount does not include the [two] life insurance policies where [Appellant] is named beneficiary.

In an equities argument, [Appellant] alleges that [Appellee] is not left without a remedy; she has the ability to take her spousal election against the estate. However, [Appellee] was forced to file this declaratory judgment to resolve a matter that has been pending for six years. [Appellant] served as Administrator of the Estate from November 2017 through March 2021. During this period, and the reason for his removal, [Appellant] failed establish an estate account, failed to file a Pennsylvania inheritance tax return, failed to file final personal income tax returns, failed to file fiduciary income tax returns for the estate, and failed to address the pending IRS claims against the estate. Moreover, [Appellant] continues to serve as General Manager of NTM, Inc. where, at the time declaratory relief was sought, he failed to file corporate income tax returns from NTM[, Inc.] from 2018, 2019, 2020, and 2021, and only recently filed 2016 and 2017 returns. So as of the date of argument, [Appellee] has received no financial gifts dating back to her husband's death in June of 2017.

Orphans' Ct. Op., 7/17/23, at 8-11 (some formatting altered and some footnotes omitted). The orphans' court concluded that the gift to Appellee was demonstrative, and Appellee "is entitled to the value equivalent to two years of Decedent's salary in NTM, Inc." *Id.* at 11.

After review, we discern no abuse of discretion or error of law, and we conclude that the orphans' court's conclusion is supported by the facts of record. *See Sacchetti*, 128 A.3d at 281-82; *Adoption of R.A.B.*, 153 A.3d at 334-35.

Sitting as a court of equity, the orphans' court properly looked to the intent of Decedent to determine whether the gift was demonstrative or specific. *See Nakoneczny's Estate*, 319 A.2d at 896; *Adoption of R.A.B.*, 153 A.3d at 334-35. The orphans' court stated that "[i]f the salary bequest is treated as a specific gift, it is adeemed and [Appellee] ends up with nothing under the [W]ill, and [Appellant] is gifted with the [real] property and a business valued at over $1.7 million." Orphans' Ct. Op., 7/17/23, at 10. Such a result was not the intent of Decedent. *See id.* at 8-10. Although the gift was specific in its terms, it is construed as demonstrative as it was given as a means of carrying out Decedent's intention to divide his estate equally between Appellant and Appellee. *See Shearer's Estate*, 29 A.2d at 537. The orphans' court considered not only the language in the Will, but also the surrounding facts and circumstances. *See Estate of Cassidy*, 296 A.3d at 1223. The orphans' court concluded that Decedent intended to bequeath gifts to Appellant and Appellee in a balanced manner, and that Decedent did not intend for Appellee to end up with nothing. *See* Orphans' Ct. Op., 7/17/23, at 9-10.

On this record, we conclude that the orphans' court properly considered the Will, Decedent's intent, and the pertinent facts and circumstances that

support its determination that the gift in question was a demonstrative gift.[4]

Further, we discern no error, nor abuse of discretion in the orphans' court's findings which are amply supported by the record. *See **Nakoneczny's Estate**,* 319 A.2d at 896; ***Shearer's Estate**,* 29 A.2d at 537. For these reasons, we affirm.[5]

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/11/2024

---

[4] Although Appellee used the word "specific" in its petition, and the orphans' court applied this language in its order, the orphans' court's Rule 1925(a) opinion unequivocally supported its order concluding that the gift in question was "demonstrative" based on the clear intent of Decedent. **See** Orphans' Ct. Op. at 7, 11. As stated, we disagree with Appellant that the gift was a failed specific gift, and we agree with the orphans' court that the gift was a valid demonstrative gift. **See id.** at 11; **see also Shearer's Estate**, 29 A.2d at 537. We reiterate that the orphans' court was sitting in equity, and we note that, in any event, we may affirm the orphans' court on any valid grounds, as long as the court came to the correct result. **See In re E.M.I.**, 57 A.3d 1278, 1290 n.6 (Pa. Super. 2012).

[5] As stated, we affirm the April 24, 2023 order, and pursuant that order, the parties must next agree on the value of the gift. **See** Order, 4/24/23. Further, and as stated in the order: "[i]f the parties cannot agree as to the value of the bequest, either party may petition the [orphans' c]ourt for a hearing" on this issue. **Id.**